## Joseph Pavlak, Appellant, v. Aermotor Company, Appellee.

### Gen. No. 23,168.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed December 28, 1917.

### Statement of the Case.

Action by Joseph Pavlak, plaintiff, against Aermotor Company, a corporation, defendant, to recover damages for the loss of plaintiff's right eye as a result of an injury received while in defendant's employ. From a judgment for defendant· on a directed verdict at close of plaintiff's evidence, plaintiff appeals.

KNAPP & CAMPBELL, for appellant; JOHN R. COCHRAN, of counsel.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 402*—*when servant assumes risk of injury by flying particles of iron.* Where plaintiff was injured while employed as a laborer in defendant's manufacturing shop engaged in chipping rough and uneven particles of iron and sand from iron castings laid on a table, where plaintiff did his work with an ordinary chisel and hammer, and was injured while continuing work without goggles, which a rule of defendant required its employees to wear and which defendant was accustomed to furnish but had none on hand that day, and where the table was so defective that plaintiff had refused to continue work until it was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

repaired, but did so on the promise of defendant's foreman to repair it at once, which he did not do, and plaintiff was thereupon injured, *held* that plaintiff assumed the risk, as the table and tools with which he worked were of the most simple construction, easily understood, and entirely familiar to him.

2. MASTER AND SERVANT, § 537*—*when declaration does not allege violation of act relating to guarding dangerous tables.* Where the allegations of the declaration, in an action to recover damages for injuries sustained while plaintiff was employed in defendant's manufacturing shop, were limited to the charge that the table on which plaintiff worked was defective, *held* that the allegations did not allege a violation of section 1 of the Health, Safety and Comfort Act of July 1, 1915 [Callaghan's 1916 St. Supp. 5417(1)], providing that all tables in any factory, mercantile establishment, mill or workshop shall be so located wherever possible as not to be dangerous to employees, or shall be properly inclosed, fenced or otherwise protected.